STADHEIM & GREAR, LTD.
George C. Summerfield (Summerfield@stadheimgrear.com)
Rolf O. Stadheim (Stadheim@stadheimgrear.com)
Robert M. Spalding (Spalding@stadheimgrear.com)
400 N. Michigan Avenue, Suite 2200
Chicago, Illinois 60611
Telephone: (312) 755-4400

LAW OFFICES OF KENNETH C. BROOKS
Kenneth C. Brooks (kcb@brookspatents.com)
1578 Centre Point Dr.
Milpitas, CA 95035
Telephone: (408) 368-7997

Attorneys for Plaintiff
DANIEL L. FLAMM

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN JOSE DIVISION

| | |
|---|---|
| DANIEL L. FLAMM, Sc.D., | Case No. 5:16-cv-01580-BLF |
| Plaintiff, | COMPLAINT |
| v. | DEMAND FOR JURY TRIAL |
| MAXIM INTEGRATED PRODUCTS, INC., | |
| Third-Party Defendants. | |

Plaintiff Daniel L. Flamm Sc.D. hereby alleges, by way of complaint against Maxim Integrated Products, Inc. as follows:

1. Dr. Flamm is the owner and inventor (or co-inventor) of United States Patent Nos. 5,711,849 entitled "Process Optimization in Gas Phase Dry Etching"; 6,017,221 entitled "Process Depending on Plasma Discharges Sustained by Inductive Coupling"; and RE40,264 entitled "Multi-Temperature Processing" (collectively, "the Flamm Patents"). The Flamm Patents involve methods used in the fabrication of semiconductors.

1

**PARTIES**

2. Dr. Flamm is an individual who resides in Walnut Creek, California.

3. Maxim Integrated Products, Inc. is a corporation organized under the laws of the State of Delaware with its principal place of business at 160 Rio Robles, San Jose, CA 95134.

**JURISDICTION AND VENUE**

4. This Court has subject matter jurisdiction over this dispute under 35 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over Maxim because it has sufficient minimum contacts with this forum. Maxim is present within this judicial district and has done business in the State of California related to its acts of infringement including purchasing equipment used for infringement from Lam Research Corp.

6. Venue is proper in this judicial district under 35 U.S.C. §§ 1391(b), 1391(c), and 1400(b).

**FACTS**

7. Lam Research Corporation filed a Second Amended Complaint in the action styled *Lam Research Corp. v. Daniel L. Flamm*, Case No. 4:15-cv-01277-BLF (Dkt. No. 80) on or about January 15, 2016. In that Second Amended Complaint, Lam seeks, *inter alia*, a declaration that: "Lam and its customers do not design or use its products in an infringing manner" for each of the Flamm Patents.

8. Maxim is one of Lam's customers and is included among the customers on whose behalf Lam seeks relief.

**COUNT I**

Infringement of the '849 Patent

9. Dr. Flamm hereby incorporates the allegations set forth in Paragraphs 1 through 11, as if fully set forth herein.

10. On January 27, 1998, United States Patent No. 5,711,849 ("the '849 Patent") was issued for inventions titled "Process Optimization in Gas Phase Dry Etching." A true and correct copy of the '849 Patent is attached hereto as Exhibit A. Dr. Flamm is the co-inventor and sole owner of the '849 Patent.

11. Upon information and belief, Maxim directly infringes the claims of the '849 patent by using equipment purchased from Lam (including the Kiyo product family) and/or by using similar equipment that the third-party defendants may have purchased from Applied Materials, Inc. and/or Tokyo Electron Ltd. to manufacture integrated circuits in a manner that infringes the patents in-suit.

12. The infringement of the '849 Patent by Maxim has damaged Dr. Flamm, and Dr. Flamm is entitled to recover from Maxim the damages he has suffered as a result of Maxim's wrongful acts of infringement in an amount subject to proof at trial.

### COUNT II

Infringement of the '221 Patent

13. Dr. Flamm hereby incorporates the allegations set forth in Paragraphs 1 through 15, as if fully set forth herein.

14. On January 25, 2000, United States Patent No. 6,017,221 ("the '221 Patent") was issued for inventions titled "Process Depending on Plasma Discharges Sustained by Inductive Coupling." A true and correct copy of the '221 Patent is attached hereto as Exhibit B. Dr. Flamm is the inventor and sole owner of the '221 Patent.

15. Upon information and belief, Maxim directly infringes the claims of the '221 patent by using equipment purchased from Lam (including the Kiyo product family) and/or by using similar equipment that the third-party defendants may have purchased from Applied Materials, Inc. and/or Tokyo Electron Ltd. to manufacture integrated circuits in a manner that infringes the patents in-suit.

16. The infringement of the '221 Patent by Maxim has damaged Dr. Flamm, and Dr. Flamm is entitled to recover from Maxim the damages he has suffered as a result of Maxim's wrongful acts of infringement in an amount subject to proof at trial.

### COUNT III

<u>Infringement of the '264 Patent</u>

17. Dr. Flamm hereby incorporates the allegations set forth in Paragraphs 1 through 19, as if fully set forth herein.

18. On April 29, 2008, United States Patent No. RE 40,264 ("the '264 Patent") was issued for inventions titled "Multi-Temperature Processing."  A true and correct copy of the '264 Patent is attached hereto as Exhibit C.  Dr. Flamm is the inventor and sole owner of the '264 Patent.

19. Upon information and belief, Maxim directly infringes the claims of the '264 patent by using equipment purchased from Lam (including the Kiyo product family) and/or by using similar equipment that the third-party defendants may have purchased from Applied Materials, Inc. and/or Tokyo Electron Ltd. to manufacture integrated circuits in a manner that infringes the patents in-suit.

20. The infringement of the '264 Patent by Maxim has damaged Dr. Flamm, and Dr. Flamm is entitled to recover from Maxim the damages he has suffered as a result of Maxim's wrongful acts of infringement in an amount subject to proof at trial.

### **PRAYER FOR RELIEF**

WHEREFORE, Dr. Flamm prays for entry of judgment:

a) that Maxim has infringed one or more claims of the '849 Patent;

b) that Maxim has infringed one or more claims of the '221 Patent;

c) that Maxim has infringed one or more claims of the '264 Patent;

d) awarding Dr. Flamm sufficient damages to compensate Dr. Flamm for such infringement;

e) awarding Dr. Flamm his attorneys' fees incurred in this action;

f)	awarding costs to Dr. Flamm; and

g)	such further relief as the Court deems appropriate.

## JURY TRIAL DEMAND

Daniel L. Flamm hereby demands a trial by jury of all issues so triable.

April 22, 2016					Respectfully submitted,

						STADHEIM & GREAR, LTD.

						By:  /s/ Robert M. Spalding
						George C. Summerfield
						(Summerfield@stadheimgrear.com)
						Rolf O. Stadheim
						(Stadheim@stadheimgrear.com)
						Robert M. Spalding
						(Spalding@stadheimgrear.com)
						400 N. Michigan Avenue, Suite 2200
						Chicago, Illinois 60611
						Telephone: (312) 755-4400
						Facsimile: (312) 755-4408

						LAW OFFICES OF KENNETH C. BROOKS
						Kenneth C. Brooks (kcb@brookspatents.com)
						1578 Centre Point Dr.
						Milpitas, CA 95035
						Telephone: (408) 368-7997

						Attorneys for Plaintiff Daniel L. Flamm

**CERTIFICATE OF SERVICE**

I declare under penalty of perjury under the laws of the United States that on April 22, 2016, a true and correct copy of the foregoing COMPLAINT was served in accordance with Rule 5, Federal Rules of Civil Procedure on the following counsel of record in the manner indicated:

**Via CM/ECF**

David M. Barkan (barkan@fr.com)
FISH & RICHARDSON P.C.
500 Arguello Street, Suite 500
Redwood City, CA 94063
Telephone: (650) 839-5070

*/s/ Robert M. Spalding*
Robert M. Spalding
STADHEIM & GREAR, LTD.

Attorney for Plaintiff
DANIEL L. FLAMM

6

COMPLAINT
Case No. 5:16-cv-01580-BLF